IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. LELAND NEIL LAPIER, JR., Defendant. | Cause No. CR 13-27-GF-BMM ORDER DENYING RULE 41(g) MOTION |

On January 27, 2014, Defendant Lapier, acting pro se, filed a motion under Fed. R. Crim. P. 41(g) (formerly 41(e)). He seeks the return of a red 1994 Pontiac Trans Am he contends was seized by one Detective Rob Lopez.

A motion filed under Fed. R. Crim. P. 41(g) after criminal proceedings have concluded is treated as a civil complaint. *United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008); *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). Rule 41(g) "relates to federal searches leading to federal prosecutions and extends in its furthest reach to searches conducted by state law enforcement agencies with *direct* federal authorization." *United States v. Huffhines*, 986 F.3d 306, 308 (9th Cir. 1993) (emphasis added). To state a claim for relief, Lapier must allege facts that would, if true, show that the property he seeks is in the possession, or at least constructive possession, of the United States. *United States v. Marshall*, 338 F.3d 990, 994-95 (9th Cir. 2003).

1

Lapier is not required to submit proof with his motion, but he does not even allege any facts tending to show the vehicle is in the actual or constructive possession of the United States. The Court's own records do not support such an inference either. The record of the case does not reveal the circumstances under which the Trans Am was seized. No federal warrant appears to have been issued for its seizure. As Lapier correctly states, no forfeiture proceedings were commenced in this Court. Although the Trans Am may have been mentioned in testimony at trial, *see, e.g.*, 1 Trial Tr. (Doc. 92) at 162:7-11, it was not evidence at trial. Exhibit List (Doc. 72) at 1-3; *see also*, *e.g.*, 2 Trial Tr. (Doc. 93) at 121:8-20 (listing locations where each exhibit consisting of methamphetamine was found); *id.* at 148:9-149:3 (Lapier was not in car when arrested). Detective Lopez sat at counsel table as the case agent at Lapier's federal trial, *see* Fed. R. Evid. 615(3), but he is an officer of the Great Falls Police Department, not a federal agent, *see* 2 Trial Tr. (Doc. 93) at 106:2-9.

In view of Lapier's motion and the record of the case, there are no circumstances showing that Detective Lopez seized the vehicle "with direct federal authorization" or that the vehicle is in the actual or constructive possession of the United States. If Lapier knows of facts indicating the Trans Am is being held by the United States, rather than, for example, the Great Falls Police Department, he may file another motion. At this point, however, he fails to state a basis on which

this Court could order the United States to return the vehicle.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Clerk shall unseal the motion and open it to public access.

2. Lapier's motion for return of property (Doc. 125) is DENIED.

DATED this 10th day of March, 2014.

/s/Brian Morris
United States District Court Judge